IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal Action No. 07-442 |
| | ) | |
| GEORGE BROOKS | ) | |

AMBROSE, Chief District Judge

## **MEMORANDUM ORDER**

Defendant, George Brooks, has filed a Motion to Withdraw Guilty Plea (Doc. No. 129), alleging that the guilty plea to conspiracy to submit false claims for payment to the United States he entered on October 30, 2008, was "entered due to incorrect legal advice given him by (his attorney)."

Attached to Defendant's Motion is Defendant's letter to his attorney in which Defendant complains that his attorney told him that he should plead guilty because documents taken from his cell could then not be used in his co-Defendant's trial and because a certain witness would then not testify at his co-Defendant's trial.

In fact, as Defendant now knows, documents taken from his cell and the witness's testimony were used and introduced in his co-Defendant's trial.

Defendant claims that but for this "incorrect legal advice" he would not have pleaded guilty.

Both the Government and the Defendant correctly cite the factors a court must consider when determining whether withdrawal of a guilty plea before sentence has been imposed should be granted. In determining whether Defendant has demonstrated a fair and just reason for withdrawal, the court must consider:

(1) Whether the Defendant asserts his innocence;

(2) The strength of Defendant's reasons for withdrawing the plea; and

(3) Whether the Government would be prejudiced by the withdrawal.

*U.S. v. Jones,* 336 F.3d 245, 253 (3d Cir. 2003).

Defendant's Motion (Doc. No. 129) is denied.

First of all, Defendant has not asserted his innocence. He claims that he entered his plea after "incorrect legal advice" from his attorney. According to Defendant, that advice concerned evidence that would not be admitted in his co-Defendant's trial if Defendant pleaded guilty. Defendant, at his change of plea hearing, specifically denied that any promises or threats had been made to him in exchange for his guilty plea. This factor weighs against the merits of Defendant's Motion. *See, Jones,* 336 F.3d at 254.

Along with Defendant's failure to assert his innocence, Defendant's non-disclosure of his currently asserted, but dubious, claim lead to the conclusion that Defendant's Motion and assertions lack merit.

Defendant himself has not even alleged any prejudice to himself and the Government is not required to show prejudice when Defendant has failed to demonstrate that other factors for the court's consideration support a withdrawal of the plea.

Therefore, this 17th day of December, 2008, Defendant's Motion to Withdraw Guilty Plea (Doc. No. 129) is denied.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge